fAEKER C. J.
delivered the opinion of the Court. The only question is, whether the sale by Goodrich to the plaintiff was complete before the attachment by the defendant. It is objected that there was no delivery, and there was none in point of form ; but if the contract of sale was bond fide and for a valuable consideration, which we take to have been settled by the jury, then, if there was a symbolical delivery or if the plaintiff came to the possession in virtue of the contract, the property passed, not only between vendor and vendee, but against everybody. On the day of the bargain letters were written by the plaintiff and by Goodrich to Shephard, in whose custody the mare was for keeping. The letter from Goodrich informed Shephard that he had sold the mare to the plaintiff, who would be accountable for the keeping after that date, and the letter from the plaintiff informed him that the plaintiff had purchased her and would be answerable for the keeping. Shephard testified that he received these letters four days before the mare was attached, and that although he considered that he had a right to retain the mare for the keeping that was due, he should have delivered her to the plaintiff if he had called or sent for her. From this the jury had a right to infer, that the property was changed, and that Shephard became the keeper for the plaintiff. This is quite equivalent to a formal *355 or symbolical delivery, and therefore was an execution of the contract of sale.[1]
_ The instruction of the judge, as reported, that the letters, if they came to hand, were a sufficient delivery, if it was not grounded upon the testimony of Shephard also, might be questionable ; but he informs us, that it had reference to that testimony, and no exception has been made to it as standing independent of the evidence.
In regard to the claim of a reduction of damages, on account of the price of keeping paid by the officer to remove the lien, the verdict is right; for the plaintiff was not indebted for the keeping before his purchase. The officer must look to Goodrich for reimbursement.

Judgment according to verdict.

 See Whitaker v. Sumner, 20 Pick. 405; Fettyplace v. Dutch, 13 Pick. 388 Whipple v. Thayer, 16 Pick. 27, 28; Chitty on Contr. (4th Am. ed.) 308 et seq.; Chapman v. Searle, 3 Pick. 38 ; Pleasants v. Pendleton, 6 Randolph, 473; Smith v. Surmane, 9 Barn. & Cressw. 570; Carter v. Touissant, 5 Barn. & Ald. 855; 2 Kent’s Comm. (3d ed.) 500 et seq.; Denny v. Willard, 11 Pick. 519.